UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JONATHAN LEE GENTRY,

  Petitioner,

  v.

JOHN LAMBERT,

  Respondent.

Case No. C99-0289L

ORDER REGARDING DISCOVERY AND EVIDENTIARY HEARING

On May 5, 2004, this Court requested that the parties submit memoranda on the following issues:

  (1) the issues for which an evidentiary hearing will be required;
  (2) what discovery is necessary; and
  (3) the parties' proposals regarding a time line for resolving the discovery issues, evidentiary issues, and legal issues.

See Dkt. # 146, May 5, 2004 Order. On September 27, 2004, the Court heard oral argument on these issues. Having heard argument, reviewed the parties' memoranda, and considered other relevant portions of the file in this matter, the Court orders as follows:

**A.  Scope of Discovery.**

Petitioner seeks discovery regarding a number of issues touching on his ineffective assistance of counsel and Brady/Napue claims. (Dkt. # 147). Respondent has filed a motion to

ORDER REGARDING DISCOVERY
AND EVIDENTIARY HEARING - 1

conduct discovery (Dkt. # 80) in which they seek a copy of the files of Petitioner's trial counsel and investigator.  Respondent has also filed a motion for protective order (Dkt. # 70) in which he seeks to protect documents prepared by the State of Washington's attorneys in preparation for Petitioner's criminal prosecution.  These discovery issues will be address in turn.

Petitioner's request to conduct discovery regarding his Brady/Napue claim as it relates to Leonard Smith is granted, in part.  Petitioner may only seek discovery from Kitsap County authorities with regard to his claim that a pattern of Brady and Napue misconduct at the underlying proceeding establishes cause for his procedural default of the Smith Brady/Napue claim.  Should discovery from Kitsap County authorities reveal specific contacts with Oregon authorities relating to Smith, petitioner may renew his request for leave of the Court to seek discovery from Oregon authorities.  See Dkt. # 64, Discovery Order, at p. 6.  In addition, if after the evidentiary hearing the Court determines that the default of the Smith Brady/Napue claims is excused, the Court will determine whether further discovery is necessary.

With regard to the other Brady/Napue claims, Petitioner is entitled to take depositions of Brian Moran, Timothy Hicks, Brian Dyste, Detective Douglas Wright, Detective Smed Wagner, and Community Corrections Officer Karen Adams.  Those depositions should be completed by October 28, 2005.

In keeping with the Discovery Order, the Court will permit petitioner to serve Ms. Asai with specific written interrogatories in order to learn whether she has any knowledge relevant petitioner's claims.  See Discovery Order at p. 5.  If petitioner learns concrete information indicating that a deposition of Ms. Asai would produce relevant testimony, he may seek leave to conduct a deposition at that time.

Petitioner's request for discovery of physical evidence taken from the crime scene is granted.  Respondents shall make available for examination and inspection all items, materials, exhibits and other evidence in the underlying case.

Petitioner's request to depose Dr. Stuart Myster regarding forensic issues raised by

ORDER REGARDING DISCOVERY
AND EVIDENTIARY HEARING - 2

Petitioner is granted.

Respondent's request to conduct depositions of Petitioner's trial counsel and investigator relating to his Brady/Napue claims is denied. If the Court determines that it is necessary to proceed with an evidentiary hearing on Petitioner's ineffective assistance of counsel claims, the Court will revisit Respondent's request to depose Petitioner's trial counsel and investigator.

Finally, with regard to Petitioner's request for a protective order, Petitioner has submitted several boxes relating to the state's prosecution of Petitioner for *in camera* review. The Court has reviewed all of the documents and finds that the following documents, referred to by the page numbers assigned by Respondent for purposes of discovery, must be turned over to Petitioner:  003295-003296; 008491-008494 (as redacted); 008827-008834; 008865-008866; 009160; 10239-10240; 10247-10248; 10251; 10253-10254; 10265-10267; 10313-10320; 11368 (as redacted); 11373-11375 (as redacted); 0013132-0013168; 0013180-0013196; 0013198-0013207; 21252[1]; D1; D7; D24-D26; D31; and D33. A copy of these documents is available for the parties to pick up in the Court's chambers.

**B.     Time line for Discovery and Evidentiary Hearing.**

1. The parties are to complete all discovery relating to both the Brady/Napue claims and the ineffective assistance of counsel claims by Friday, October 28, 2005.

2. Petitioner is instructed to file a memorandum in support of his argument that an evidentiary hearing is necessary for the ineffective assistance of counsel claims by November 18, 2005. Respondent must respond to that motion by December 9, 2005, and any reply must be filed by December 16, 2005.

---

[1] For the sake of avoiding any confusion, it is worth noting that a number of the documents, including this one, have two Bates-stamp page numbers with one of the numbers concealed by white-out. Although this document has a Bates-stamp number of 21252, it appeared in sequence directly after document number 10251 and the concealed Bates-stamp number on this document is 10252. Accordingly, it seems as if the Bates-stamp number relevant to this discovery process may have been inadvertently concealed and the previous Bates-stamp number left on the document.

ORDER REGARDING DISCOVERY
AND EVIDENTIARY HEARING - 3

3. Prior to the evidentiary hearing, this Court will issue a written order describing the extent to which Petitioner's ineffective assistance of counsel claims will be covered by the evidentiary hearing.

4. The evidentiary hearing will be conducted on February 6, 2006 at 9:00 a.m. The hearing will cover the following issues:

    a. Did a pattern of <u>Brady</u> and <u>Napue</u> misconduct before and during the underlying proceedings establish cause for Petitioner's default of the Smith <u>Brady</u>/<u>Napue</u> claims?

    b. Did the State violate <u>Brady</u> and <u>Napue</u> by failing to disclose evidence relating to Timothy Hicks, Brian Dyste, Detective Wright, or Detective Wagner?

    c. If necessary, the Court will also hear evidence relating to Petitioner's ineffective assistance of counsel claims. The necessity for, and scope of, the evidentiary hearing relating to the ineffective assistance of counsel claims will be determined after the parties submit their briefs (as set forth at p. 3, ¶ 2, above) and prior to the hearing.

DATED this 3rd day of August, 2005.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER REGARDING DISCOVERY
AND EVIDENTIARY HEARING - 4