UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JONATHAN LEE GENTRY,

Petitioner,

v.

RICHARD MORGAN,

Respondent.

Case No. C99-289L

ORDER ON ORAL ARGUMENT
ADDRESSING THE PENDING
SUMMARY JUDGMENT MOTIONS

This matter comes before the Court on "Respondent's Motion for Summary Judgment" (Dkt. #272) and Jonathan Lee Gentry's ("petitioner" or "Gentry") "Cross Motion for Summary Judgment" (Dkt. #275). The Court has set oral argument on the motions for 9:00 a.m. on Monday, September 8, 2008 in the United States Courthouse at 700 Stewart Street, Courtroom 15106. See Dkt. #281. In preparation for the hearing, the Court finds that oral argument would be helpful in resolving the following issues and claims:

(1) How should the Court apply the summary judgment standard to Gentry's 28 U.S.C. § 2254 petition in light of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, and Habeas Corpus Rule 11, especially with regard to claims in which Gentry contends there are material disputed issues of fact, but where the claim rests exclusively on the state-court record?

(2) The Sixth Amendment ineffective assistance of counsel claims from Claims B, C, D,

ORDER ON ORAL ARGUMENT
ADDRESSING THE PENDING
SUMMARY JUDGMENT MOTIONS

I, and J[1] of Gentry's Amended Petition (Dkt. #47). Specifically, the Court would like the parties to focus on the "prejudice" element from Strickland v. Washington, 466 U.S. 668, 687 (1984)[2] in Claims B and C, the "effectiveness" element from Strickland in Claim D and J, and both parts of the Strickland two-part test for Claim I.

(3) Whether respondent's summary judgment motion on Claim H should be denied as moot given the Court's March 26, 2004 Order concluding that "Gentry has failed to establish cause for his default of the claims of ineffective assistance of counsel for failure to present mitigating evidence of his mental condition in the penalty phase" and therefore dismissing the claim "for failure to establish cause for default." Dkt. #141 (Order Regarding Cause and Prejudice) at 14; see Dkt. #275 at 3 n.1 ("This Court has ruled this claim unexhausted, Dkt. No. 89, and it is therefore not properly before the Court for summary judgment. Mr. Gentry concludes the inclusion of this claim in Respondent's motion was simply an oversight.").

(4) Whether the portion of Claim K concerning the "to convict" instruction has been abandoned given that Gentry failed to oppose respondent's summary judgment motion on this issue and Gentry failed to fully explain the constitutional basis of this claim in his Amended Petition.

(5) Whether the part of Claim K regarding the sentencing instructions should be reviewed de novo or with deference to the Washington Supreme Court's decision in In re

---

[1] In his motion for summary judgment, respondent has identified Gentry's claims alphabetically based on Gentry's headings in the Amended Petition. See Dkt. #272 at 1-2 (identifying twelve Claims A-L). In his opposition to respondent's summary judgment motion, Gentry also tracks these alphabetical claim headings. See Dkt. #275 at 3. Accordingly, for clarity, the Court also identifies the twelve separate claims alphabetically in the same order presented in the Amended Petition.

[2] Strickland, 466 U.S. at 687 ("First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.").

ORDER ON ORAL ARGUMENT
ADDRESSING THE PENDING
SUMMARY JUDGMENT MOTIONS

Gentry, 137 Wn.2d 378, 404-407 (1999). See, e.g., Dkt. #278 at 2 (contending the Court should review this claim de novo).

(6) Whether Gentry has stated a claim for ineffective assistance of counsel in Claim K.

(7) Whether there are any outstanding claims from the Amended Petition that have not been addressed by the parties' pending summary judgment motions.

DATED this 29th day of August, 2008.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER ON ORAL ARGUMENT
ADDRESSING THE PENDING
SUMMARY JUDGMENT MOTIONS