UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JONATHAN LEE GENTRY,

        Petitioner,

        v.

STEVEN SINCLAIR,

        Respondent.

NO. C99-289RSL

ORDER DENYING MOTION TO SUPPLEMENT MOTIONS FOR RECONSIDERATION

This matter comes before the Court on petitioner Jonathan Gentry's "Motion to Supplement Motions for Reconsideration," Dkt. #303. Gentry contends that a 2008 Ninth Circuit case compels reconsideration of the Court's 2001 Order Regarding Exhaustion of Claims, Dkt. #79, and its 2003 Order Denying Motion for Reconsideration and Regarding Related Matters, Dkt. #108. According to Gentry, <u>Davis v. Silva</u>, 511 F.3d 1005 (9th Cir. 2008), indicates that, contrary to the Court's conclusion, Gentry had fully exhausted his claims of ineffective assistance of counsel with respect to sentencing in state court.

Gentry seeks to supplement two motions for reconsideration, Dkt. ## 83, 104, that have already been denied by the Court, Dkt. #108. Thus, there are no pending motions for Gentry to supplement. Nor is there any procedure allowing for a motion to reconsider an order denying reconsideration. Gentry's argument regarding exhaustion of his ineffective assistance of counsel claim was fully reviewed by the Court both in 2001, Dkt. #79, and in 2003 upon his motion for

ORDER DENYING MOTION TO
SUPPLEMENT MOTIONS FOR
RECONSIDERATION - 1

1 reconsideration, Dkt. #108. Gentry's only remaining recourse is to file an appeal with the Ninth
2 Circuit seeking review and reversal of the Court's decision.

3       Moreover, even if there were an appropriate avenue for reconsideration of the issue, the case cited by Gentry does not signal a change in the law since the Court's original order. Davis held that a *pro se* petitioner's claim is exhausted upon citation to cases, statutes, and regulations that provide the Court with "all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies," 511 F.3d at 1009 (quoting Daugharty v. Gladden, 257 F.2d 750, 758 (9th Cir. 1958)); see id. (quoting Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003) ("Bearing in mind . . . that 'pro se [habeas] petitions are held to a more lenient standard than counseled petitions,' . . . we hold that Davis' state habeas petition provided the state court with sufficient facts to apply the constitutional principle upon which Davis relies."). Unlike the petitioner in Davis, Gentry had been represented by one or more attorneys at all times during his state collateral proceedings. Gentry acknowledges as much, Dkt. #307 at 1, but likens himself to a *pro se* petitioner because he was deprived the resources to develop his claim in state court, id. at 2. While Gentry's analogy is compelling, Davis certainly does not "directly contradict," Dkt. #303 at 2, the Court's original conclusion. If anything, Gentry's reply brief recognizes that the principle underlying Davis was first articulated in Daugharty v. Gladden, 257 F.2d 750 (9th Cir. 1958). See Dkt. # 307 at 2. A case decided over thirty years before Gentry was even convicted hardly constitutes "new . . . legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Rule 7(h)(1).

      For the foregoing reasons, Gentry's motion to supplement his previous motions for reconsideration (Dkt. #303) is DENIED.

ORDER DENYING MOTION TO
SUPPLEMENT MOTIONS FOR
RECONSIDERATION - 2

1        DATED this 24th day of April, 2009.

*signature*

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO
SUPPLEMENT MOTIONS FOR
RECONSIDERATION - 3