UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JONATHAN LEE GENTRY,

    Plaintiff,

v.

STEVEN SINCLAIR,

    Defendant.

NO. C99-289RSL

ORDER GRANTING MOTION TO VACATE STAY OF EXECUTION

## I.  INTRODUCTION

This matter comes before the Court on "Respondent's Motion to Vacate Stay of Execution," Dkt. # 359. Respondent seeks on order vacating the stay of execution imposed by this Court on July 19, 1999. For the reasons set forth below, the Court GRANTS respondent's motion.

## II.  DISCUSSION

In 1991, Gentry was convicted of first degree murder for the murder of a 12-year old girl in 1988 and sentenced to death. The details of the crime are set forth in the Court's September 15, 2008, order granting respondent's motion for summary judgment and dismissing Gentry's habeas petition. Dkt. # 288 at 1-5. The Washington Supreme Court affirmed Gentry's conviction on direct appeal, see State v. Gentry, 125 Wn.2d 570 (1995), and subsequently denied his personal restraint petition, see In the Matter of the Personal Restraint Petition of Jonathan Lee Gentry, 137 Wn.2d 378 (1999), amended by 1999 Wash. LEXIS 448 (June 30, 1999).

ORDER GRANTING MOTION
TO VACATE STAY - 1

Gentry filed his federal habeas petition in this Court in 1999 and the Court stayed Gentry's execution pending resolution of his petition. Dkt. # 29 at 2. After several years of discovery and evidentiary hearings, the Court denied Gentry's amended habeas petition in 2008. Dkt. # 288. The Court denied Gentry's motion for reconsideration, dkt. # 306, and later issued a certificate of appealability, dkt. # 333.

On January 15, 2013, the Ninth Circuit affirmed the Court's denial of Gentry's habeas petition and denied rehearing en banc. Gentry v. Sinclair, 705 F.3d 884, 891, 913 (9th Cir. 2013). The Ninth Circuit stayed the issuance of its mandate pending final disposition of Gentry's petition for writ of certiorari by the Supreme Court. Dkt. # 356. The Supreme Court denied Gentry's petition for certiorari on October 9, 2013 and the following day the Ninth Circuit issued the mandate affirming the Court's denial of habeas relief. Dkt. # 360; Dkt. # 361. Gentry filed a petition for rehearing with the Supreme Court, which was denied five weeks later. Dkt. # 365-1; Dkt. # 369.

While Gentry's appeal of his federal habeas petition was pending with the Ninth Circuit, he filed a second personal restraint petition ("PRP") with the Washington Supreme Court in October 2011. In re Gentry, – – – P.3d – – – –, 2014 WL 265564, at *3 (Wash. Jan. 23, 2014). The Washington Supreme Court entered a stay of execution pending resolution of this PRP. Dkt. # 370-1. On January 23, 2014, Gentry's second PRP was dismissed. In re Gentry, 2014 WL 265564, at *1. Gentry recently filed a motion in the Ninth Circuit to recall the mandate issued by that court in October 2013. Dkt. # 372-1.

The Court's 1999 order stayed Gentry's execution "pending final disposition of the habeas corpus petition in this Court." Dkt. # 29 at 2. The Court's denial of Gentry's petition became final after the Ninth Circuit issued the mandate affirming the Court's decision. See Bryan v. Ford Motor Co., 886 F.2d 1526, 1529 (9th Cir. 1989) ("An appellate court's decision is not final until its mandate issues.") (quoting Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 97 (3d Cir. 1988)). Thus, the Court GRANTS respondent's motion to vacate the stay. See Hall v.

ORDER GRANTING MOTION
TO VACATE STAY - 2

City of Los Angeles, 697 F.3d 1059, 1067 (9th Cir. 2012) ("A district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it.").

### III. CONCLUSION

For all of the foregoing reasons, respondent's motion to vacate stay of execution (Dkt. #359) is GRANTED.

DATED this 5th day of February, 2014.

                        /s/ Robert S. Lasnik
                        Robert S. Lasnik
                        United States District Judge

ORDER GRANTING MOTION
TO VACATE STAY - 3